**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEAN ERVIN PHILLIPS, | No. 16-36074 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05000-BHS |
| v. | |
| BETH RENEE RIETEMA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted October 23, 2017[**]

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Dean Ervin Phillips appeals pro se from the district court's summary judgment and dismissal orders his 42 U.S.C. § 1983 action alleging constitutional claims arising from state court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under the *Rooker-Feldman* doctrine. *Noel*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Phillips's claims stemming from his prior state civil actions as barred by the *Rooker-Feldman* doctrine because these claims constitute a "de facto appeal" of prior state court judgments, or are "inextricably intertwined" with those judgments. *See Noel*, 341 F.3d at 1155-56 (the *Rooker–Feldman* doctrine bars de facto appeals of a state court decision); *see also Cooper v. Ramos*, 704 F.3d 772, 782-83 (9th Cir. 2012) (concluding plaintiff's claim for conspiracy was "inextricably intertwined" with the state court's decision); *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine the state court's decision was wrong and thus void").

Dismissal of Phillips's claims stemming from prior state criminal actions was proper because these claims are *Heck*-barred, as success on these claims would necessarily imply the invalidity of his conviction, and Phillips has failed to allege that his conviction has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

To the extent that Phillips's conspiracy claim is not barred by *Rooker-*

*Feldman* or *Heck*, dismissal of Phillips's conspiracy claim was proper because Phillips failed to allege facts sufficient to state a plausible civil conspiracy claim. *See Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989) (§ 1983 conspiracy requires more than conclusory allegations).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Phillips's "urgent motion for summary disposition" (Docket Entry No. 35) is denied.

**AFFIRMED.**